**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Barry D. Leiwant
*Interim Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 29, 2024

<u>Via ECF and Email</u>
Honorable James L. Cott
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Brandalene Horn</u>
      **24 Mag. 636 (UA)**

Dear Judge Cott,

Ms. Horn was presented in the above-captioned case on February 28, 2024 before the Honorable Gabriel W. Gorenstein. She appeared in SDNY as directed, following her appearance on a 5(c)(3) affidavit in the Eastern District of Michigan. Judge Gorenstein set conditions, on the consent of both parties, and Ms. Horn was released on her own signature.

Specifically, Judge Gorenstein ordered a $50,000 personal recognizance bond, to be co-signed by two financially responsible persons (with a two-week deadline); travel restricted to S.D.N.Y./E.D.N.Y./E.D. Mich (and points in between for travel); surrender of travel documents and no new applications; supervision by Pretrial Services (in Michigan) as directed; drug testing/treatment and mental health evaluation/treatment as directed by Pretrial Services; and reside in an approved location and no relocation without permission. <u>See</u> Dkt. No. 6.

We write to request three modifications to Ms. Horn's bail package.

First, we ask that the requirement of two co-signers be reduced to one. One financially responsible co-signer has been approved by the government, and we believe this is sufficient under the Bail Reform Act. The government, by Assistant United States Attorney Connie Dang, has no objection to this application.

Second, we ask that the following condition be added to Ms. Horn's bail package: "Refrain from use or unlawful possession of a narcotic drug or other controlled substances, unless prescribed by a licensed medical practitioner." The government consents to this application as well. Pretrial Services also consents to this application – indeed, they recommended it in the first instance.

Third, we ask that the Court explicitly permit Ms. Horn to use medical marijuana, pursuant to a valid medical marijuana card in her home state of Michigan, where she is supervised. Regarding medical marijuana, Pretrial Services in S.D.N.Y. and E.D. Mich. take no position and defer to the Court's directive. The government takes the position that Ms. Horn's use of marijuana (including medical marijuana) would be a violation of her release conditions.

Chief Judge Swain explicitly found "that an appropriate set of conditions relating to the medical marijuana therapy can appropriately protect the public and the Defendant and facilitate effective supervision." United States v. Arizaga, No. 16 Cr. 89 , 2016 WL 7974826, at *3 (S.D.N.Y. Dec. 22, 2016) (Swain, C.J.) (directing the "Pretrial Services Department not to charge a violation of Defendant's release conditions based solely on New York state-approved medical marijuana use or a drug-testing result consistent with New York state-approved medical marijuana usage" if certain conditions were met). Many courts have specifically authorized the use of medical marijuana for defendants on supervision (on bail and supervised release) in this District and in the Eastern District. See, e.g., United States v. Jenkins, 22 Cr. 401 (Broderick, D.J.) (S.D.N.Y. Jan. 9, 2024) (permitting defendant to use medical marijuana while on bail); United States v. Cruz, 19 Cr. 770, Dkt. No. 50 (S.D.N.Y. Jun. 2, 2023) (Furman, D.J.) ("Defendant's supervised release terms are modified to permit him to use medical marijuana pursuant to a valid New York State prescription"); United States v. Vax, Dkt. No. 22 Cr. 324 (E.D.N.Y. Feb. 1, 2023) (ordering defendant's marijuana use shall not constitute grounds for revoking bail); United States v. Sanchez, 19 Cr. 820, Dkt. No. 64 (S.D.N.Y. Nov. 7, 2022) (Abrams, D.J.) (ordering that the defendant "may use marijuana so long as he maintains enrollment in the medical marijuana program and provides his Probation Officer with proper authorization"); United States v. Torres, Dkt. No. 21 Cr. 633 (E.D.N.Y. Aug. 12, 2022) (Kovner, D.J.) (permitting use of medical marijuana on pretrial release); United States v. Hernandez, 19 Cr. 97, Dkt. No. 76 (S.D.N.Y. Mar. 14, 2022) (Rakoff, D.J.) (permitting the use of medical marijuana while on supervised release); United States v. Bahamundi, 21 Mag. 10085, Dkt. No. 4 (S.D.N.Y. Oct. 21, 2021) (McCarthy, M.J.) (including "the defendant may use medical marijuana if he can show that [it] was prescribed by a licensed medical practitioner" as a bail condition); United States v. Rodriguez, 17 Cr. 281, Dkt. No. 42 (S.D.N.Y. Sept. 2, 2020) (Karas, D.J.) (permitting the use of medical marijuana while on supervised release). We urge this Court to follow suit.

Thank you for your consideration.

Respectfully submitted,
/s/
Sylvie Levine
Assistant Federal Defender
917-612-4527


cc:   A.U.S.A. Connie Dang
      Pretrial Officer Jazzlyn Harris