**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Barry D. Leiwant
*Interim Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

April 4, 2024

<u>Via ECF</u>
Honorable Robyn F. Tarnofsky
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Brandalene Horn</u>
      **24 Mag. 636 (UA)**

Dear Judge Tarnofsky,

    I write in response to the Court's Order from yesterday afternoon, directing undersigned counsel to explain how the medical marijuana program works in Michigan and what requirements must be met in order to receive a medical marijuana card. Dkt. No. 13.

    I understand that the State of Michigan authorized medical marijuana in 2008, pursuant to a highly-regulated scheme.[1] The Michigan Medical Marijuana Program (MMMP) is administered by Michigan Cannabis Regulatory Agency (CRA), which authorizes medical marijuana for various diagnoses, including mental health conditions.[2]

    To qualify for a medical marijuana card, a physician must complete an online certification for the patient and an applicant must also provide proof of his or her residency in Michigan.[3] Ms. Horn has had a medical marijuana card in the past, as part of the treatment for her various mental health conditions. She recently applied for a renewal. To do so, she had a telehealth appointment with a physician, who subsequently completed a certification. Ms. Horn's new card was issued by the CRA on March 4, 2024 and it expires on March 4, 2026.[4]

---

[1] <u>See</u> Michigan Medical Marijuana Act of 2008, <u>available at</u>
https://www.legislature mi.gov/Laws/MCL?objectName=MCL-INITIATED-LAW-1-OF-2008.
[2] <u>See</u> MMP Website, <u>available at</u> https://www michigan.gov/cra/sections/mmp; CRA Website, <u>available at</u>
https://www.michigan.gov/cra; <u>see also</u> "What medical conditions are eligible?" <u>available at</u>
https://www.michigan.gov/cra/faq/program-list/applicant-questions/what-medical-conditions-are-eligible.
[3] <u>See</u> CRA, Online Application Resources, <u>available at</u>
https://www.michigan.gov/cra/resources/applications/mmmp/mmmp-online-application-resources.
[4] Undersigned counsel reviewed a photograph of the card itself and verified it by viewing Ms. Horn's online record number (which confirms her patient ID and her current "active" status).

If the Court grants the instant request to approve Ms. Horn's use of medical marijuana while on bail, Ms. Horn will provide the same verification (her card and online record) to Pretrial Services.

As we noted in our letter of March 29, Dkt. No. 10, Pretrial Services in S.D.N.Y. and E.D. Mich. will defer to the Court's directives regarding medical marijuana. We also explained that a number of courts in this District have approved medical marijuana if the defendant has a valid authorization from his or her state of residence.

We are happy to address any additional questions the Court may have. Thank you for your consideration.

Respectfully submitted,
/s/
Sylvie Levine
Assistant Federal Defender
917-612-4527

---

The possession of marijuana is illegal under federal law, and there is no federal exception for medical marijuana. *See Gonzales v. Raich*, 545 U.S. 1, 5, 27-28 (2005). Compliance with federal law is a mandatory condition of Defendant's bail. Nevertheless, Chief Judge Swain has persuasively explained "that an appropriate set of conditions relating to the medical marijuana therapy can appropriately protect the public and the Defendant and facilitate effective supervision." *United States v. Arizaga*, No. 16 Cr. 89 (LTS), 2016 WL 7974826, at *3 (S.D.N.Y. Dec. 22, 2016). In that case, she directed the "Pretrial Services Department not to charge a violation of Defendant's release conditions based solely on New York state-approved medical marijuana use or a drug-testing result consistent with New York state-approved medical marijuana usage" if certain conditions were met. *See id.* Other judges in this District and the EDNY have authorized the use of medical marijuana for defendants on supervision. (*See* ECF 10, Letter (citing cases).) Counsel for Ms. Horn has described the salient features of the Michigan State medical marijuana program. (*See* ECF 14.). Ms. Horn has been approved for participation in that program, which approval required her to have a telehealth visit with a physician who subsequently completed a certification. The program is available only to individuals who suffer from certain eligible serious medical and/or mental health conditions. The nature of the Michigan medical marijuana program would permit appropriate conditions to "protect the public and the Defendant and facilitate effective supervision." *Arizaga,* 2016 WL 7974836, at *3. Accordingly, PTS (wherever Defendant is being supervised) is directed not to charge a violation of Defendant's bail conditions solely based on her use of medical marijuana, if Defendant meets the following conditions: (1) providing PTS with proof of her certification by a registered Michigan practitioner as well as her registry ID card that allows her to receive medical marijuana in the State of Michigan; (2) purchasing an authorized form of medical marijuana from an approved vendor in Michigan; and (3) providing PTS with proof of her valid prescriptions, dispensary receipts, and amounts/weights/forms of marijuana purchased, as directed by PTS. The Clerk of Court is respectfully requested to terminate ECF 14.

Date: 4/04/2024
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE